IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOSHUA HOPKINS**     **PLAINTIFF**

V.     **NO. 1:21-CV-189-DMB-RP**

**CARLOCK NISSAN OF TUPELO,
INC.**     **DEFENDANT**

**OPINION AND ORDER**

Joshua Hopkins alleges, among other claims, that Carlock Nissan of Tupelo, Inc., terminated him as the result of retaliation unlawful under Title VII, specifically, because he opposed what he believed to be unlawful sexual harassment of Carlock Nissan customers. Carlock Nissan moves to dismiss the retaliation claim. Because the Court concludes it was not reasonable for Hopkins to believe the conduct he complained of violated Title VII, his retaliation claim will be dismissed.

**I
Procedural History**

On December 20, 2021, Joshua Hopkins filed a complaint in the United States District Court for the Northern District of Mississippi against his former employer, Carlock Nissan of Tupelo, Inc., asserting a Title VII retaliation claim based on allegations that he was discharged for opposing "what he believed to be sexual harassment." Doc. #1. Hopkins twice sought and received leave to amend his complaint. Docs. #26, #46. The second amended complaint, which maintains the retaliation claim against Carlock Nissan, added as a defendant Kent Graham, alleging that Graham "intentionally interfered with [Hopkins'] employment" and that Carlock Nissan and Graham are liable to Hopkins for associational race discrimination under 42 U.S.C. § 1981. Doc. #47 at 4.

The day after the second amended complaint was filed, Carlock Nissan filed a motion to dismiss the retaliation claim. Doc. #48. The motion is fully briefed. Docs. #49, #53, #57.

## II
## Standard

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted).

## III
## Relevant Factual Allegations[1]

Joshua Hopkins was employed by Carlock Nissan "as a car salesman for approximately one year," during which time Kent Graham served as general sales manager and Hopkins' boss. Doc. #47 at 2, 3. Graham "repeatedly made sexist statements about female customers, calling them 'whores, bitches, and sluts.'" *Id.* at 2.

Sometime in late January or early February 2021, two female customers informed Hopkins that after he sold them vehicles, his "immediate supervisor, Jason Clouse, had contacted them making unwelcome sexual comments." *Id.* Hopkins "informed the customers, Shawana Workman and Lauren Stewart, that they should report any complaints about sexual harassment to general manager, Jim Surrett." *Id.* at 2–3. "Stewart tried to talk to Surrett, but apparently was unable to

---

[1] Because Carlock Nissan does not move to dismiss the race discrimination claim, the specific factual allegations related to such claim are not presented here.

2

do so [and i]nstead, she talked to finance manager Daniel Payne and Kent Graham." *Id.* at 3. "Stewart told them that [Hopkins] had recommended she report the sexual harassment to Surrett." *Id.*

On February 10, 2021, Graham told Hopkins: "You son of a bitch. You're going to cost us a lawsuit. You told the bitch to talk to the general manager, and you're opening us up to a fucking lawsuit." *Id.* "The next day, February 11, 2021, … Graham informed [Hopkins] that he was fired because he had used TikTok in making sales presentations." *Id.* at 4. While Hopkins "has a TikTok account," he "has never mentioned Carlock Nissan, or the fact that he worked at Carlock Nissan, in any of these videos." *Id.*

Hopkins filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on March 12, 2021, alleging he "was discharged because [he] opposed illegal sexual harassment and opposed illegal sex discrimination." Doc.#47-1. The EEOC sent Hopkins a "Notice of Right to Sue" letter on October 6, 2021. Doc. #47-2.

## IV
## Analysis

For a Title VII retaliation claim, a plaintiff must allege that "(1) [he] engaged in a protected activity; (2) [he] suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." *Brown v Wal-Mart Stores East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (internal quotation marks omitted). Carlock Nissan challenges only Hopkins' ability to establish the first element—that he engaged in a protected activity under Title VII.

"The antiretaliation provision of Title VII prohibits an employer from discriminating against an employee or job applicant because that individual opposes any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or

3

investigation."[2]  *Id*. at 576–77 (cleaned up).  "Importantly, a plaintiff need not demonstrate that the practice was *actually* unlawful for his opposition to be protected activity; rather it is enough that the plaintiff *reasonably believed* the practice was unlawful."  *Scott v. U.S. Bank Nat'l Assoc.*, 16 F.4th 1204, 1210 (5th Cir. 2021).

Carlock Nissan argues dismissal of the retaliation claim is warranted because Hopkins' belief that the conduct he opposed (his supervisor's sexual comments to a customer) was unlawful under Title VII "is neither subjectively nor objectively reasonable … because the two alleged victims were not employees, and therefore, not protected under Title VII."  Doc. #49 at 9.  Hopkins responds that "the issue of reasonableness is left to the jury;" "should the Court rule that [his] opposition is not protected because the victims were customers, not employees, others will be uncertain as to whether to report sexual harassment activities directed against employees;" and the "appropriate standard should be whether or not the report relates to the subject matter of Title VII."  Doc. #53 at 6, 8.  Carlock Nissan replies that the only way Hopkins' "claim survives is if the Court finds that it was reasonable for him to believe that his manager violated Title VII by sending sexually suggestive text messages to two female customers" and "[i]t is clear that [his] alleged belief that he was opposing unlawful conduct was neither subjectively nor objectively reasonable."  Doc. #57 at 1–2.  It also argues that Hopkins' proposed standard of "'whether or not the report relates to the subject matter of Title VII' is unworkable and unreasonable."  *Id.* at 7.

Because there are no allegations that Hopkins participated in a Title VII proceeding or investigation before his termination, which the parties acknowledge,[3] the relevant question is

---

[2] The first clause is known as the "opposition clause" and the second is the "participation clause."  *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 274 (2009).

[3] *See* Doc. #49 at 5–6 (discussing retaliation claims under the "opposition clause" rather than the "participation clause"); Doc. #53 at 5–6 (same).

whether it was reasonable for Hopkins to believe that Clouse's conduct in making sexual comments to two customers was unlawful under Title VII. *See Scott*, 16 F.4th at 1210. The Court concludes such belief cannot be reasonable. While "the purpose of Title VII is to protect *employees* from their employers' unlawful actions,"[4] it does not provide protection to customers. *See Pennington v. Tex. Dep't of Family & Protective Servs.*, No. A-9-CA-287, 2010 WL 11519268, at *6 (W.D. Tex. Nov. 23, 2010) ("Title VII does not protect opposition to all practices, but only those made unlawful by Title VII.") (citing *Tuner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007)). And while Hopkins argues he reasonably believed such conduct was prohibited by Title VII, he fails to cite[5]—and the Court has not found—a single case finding an employee's belief that Title VII protects nonemployees to be reasonable.[6] *See Simmons v. USB Financial Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020) ("It would be a remarkable extension of …Title VII generally—to rule that a nonemployee has the right to sue. The zone of interests that Title VII protects is limited to those in employment relationships with the defendant."). Rather,

---

[4] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (emphasis added).

[5] Hopkins cites *Long v. Eastfield College*, 88 F.3d 300 (5th Cir. 1996), to argue that whether he had a reasonable belief that the conduct violated Title VII "is a jury issue." Doc. #53 at 4. *Long* is distinguishable because there, the Fifth Circuit found that the plaintiffs—who were *employees* and complained about their supervisors' conduct towards them—presented sufficient evidence that they had a reasonable belief their supervisors' conduct violated Title VII. *Long*, 88 F.3d at 305–06.

[6] There is persuasive authority that such is not reasonable. *See, e.g.*, *Logan v. City of Chicago*, 4 F.4th 529, 539 (7th Cir. 2021) ("But the complaint must involve discrimination that is prohibited by Title VII, and if a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable.") (citations omitted); *Edwards v. Ambient Healthcare of Georgia, Inc.*, 674 F. App'x 926, 930 (11th Cir. 2017) ("Edwards has not pointed us to any case law holding that an employee's discrimination against a third party is an unlawful employment practice under Title VII or that opposition to such conduct constitutes protected activity under Title VII."); *Morey v. Carroll Cnty., Gov't.*, No. ELH-17-2250, 2018 WL 2064782, at *19 (D. Md. May 3, 2018) ("[T]o the extent that plaintiff alleges that she opposed discriminatory conduct against non-employees, the conduct is not within the ambit of Title VII."); *Neely v. City of Broken Arrow*, No. 07-CV-18, 2007 WL 1574762, at *4 (N.D. Okla. May 29, 2007) ("To the extent that the conduct of the firefighters affected only members of the public (i.e. non-employees of the defendant), plaintiff cannot state a claim of retaliation under Title VII because, as a matter of law, it is not reasonable for plaintiff to belief that such conduct violated Title VII. … [A]ny retaliatory action defendant took … is 'wrongful or even spiteful'; but it is not within the purview of Title VII.").

"[t]he protected activity element for a claim of retaliatory discharge is not satisfied where the practice complained of was not directed at employees but, instead, was directed to individuals who are not in an employment relationship with the defendant." *Ramsey v. Centerpoint Energy/Entex*, No. 3:04-cv-769, 2006 WL 149065, at *3 (S.D. Miss. Jan. 19, 2006) (citing *Taneus v. Brookhaven Mem'l Hosp.*, 99 F. Supp. 2d 262, 267 (E.D.N.Y. 2000)). Consequently, Hopkins fails to allege that he engaged in a protected activity and his retaliation claim is properly dismissed.

## V
## Conclusion

Carlock Nissan's motion to dismiss [48] is **GRANTED**. Hopkins' retaliation claim against Carlock Nissan is **DISMISSED with prejudice**.

**SO ORDERED**, this 18th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**