IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOSHUA HOPKINS**     **PLAINTIFF**

**V.**     **NO. 1:21-CV-189-DMB-RP**

**CARLOCK NISSAN OF TUPELO, INC.**     **DEFENDANT**

## ORDER

On June 6, 2022, Joshua Hopkins filed a second amended complaint against his former employer, Carlock Nissan of Tupelo, Inc., and its general sales manager, Kent Graham. Doc. #47. Hopkins alleges that Graham intentionally interfered with his employment and that both Carlock Nissan and Graham "are liable to [him] for associational race discrimination under 42 U.S.C. § 1981." *Id.* at 4. The second amended complaint also contained a Title VII retaliation claim against Carlock Nissan for terminating Hopkins for reporting "what he reasonably believed, in good faith, to be sexual harassment;" however, on Carlock Nissan's motion, the Court dismissed the retaliation claim with prejudice on November 18, 2022. *Id.*; Doc. #81.

In anticipation of trial, on February 22, 2023, the defendants filed a motion in limine "to exclude all testimony, witnesses, and/or evidence of any kind related to any allegations of sexual harassment allegedly committed by Carlock employee, Jason Clouse, or any other employee/agent of Carlock." Doc. #87. The defendants argue that because the Court dismissed Hopkins' retaliation claim, "[a]ny testimony and/or evidence related to the alleged sexual harassment that [he] allegedly opposed has no relevance to the issues of [his] remaining claims" and, to the extent the evidence is probative, "such probative value is substantially outweighed by the risk of unfair prejudice." Doc. #89 at PageID 309–10. Hopkins responds that the motion

"should be stricken as untimely since the Case Management Order [Docket 17] requires a motion *in limine* to be filed twenty-one (21) days prior to the final pretrial conference, and this motion was filed only nine (9) days before the final pretrial conference." Doc. #90 at 1. On the merits, Hopkins argues some of the evidence related to sexual harassment "could be admissible to demonstrate that the reasons given for terminating [him] is [sic] not credible." *Id.* at 3.

Hopkins is correct that the defendants' motion in limine is untimely under both the case management order in this case and the Court's Local Rules. *See* L.U. Civ. R. 7(b)(2)(E) ("Motions *in limine* other than motions challenging another party's expert must be filed no later than twenty-one calendar days before the pretrial conference …."); Doc. #17 (setting the same deadlines as the Local Rules); Doc. #86 (setting pretrial conference for March 6, 2023). And "[a]ny nondispositive motion served beyond the … deadline imposed in the Case Management Order may be denied solely because the motion is not timely served." L.U. Civ. R. 7(b)(11). Accordingly, in the absence of any attempt by the defendants to explain why the motion is untimely, the defendants' motion in limine [87] is **DENIED**.[1]

**SO ORDERED**, this 3rd day of March, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if the motion in limine was timely, because it is not clear the evidence sought to be excluded is "clearly inadmissible on all potential grounds," the Court would be inclined to defer ruling on its admissibility "until trial so that questions of foundation, relevancy and potential prejudice c[ould] be resolved in proper context." *Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021).